UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS G. ALEVRAS, : | |
| : | Civil Action No. 15-6041 (JLL) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM ORDER** |
| : | |
| ATTORNEY GENERAL OF NEW : | |
| JERSEY, : | |
| : | |
| Respondent. : | |

The Court having reviewed Petitioner Chris G. Alevras's petition purportedly for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), and it appearing that:

1. On or about August 7, 2015, Petitioner filed his petition. (ECF No. 1).

2. Petitioner filed his petition on a form for use by petitioners seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 at 2).

3. On that form, however, Petitioner states that his sentence has been completed. (ECF No. 1 at 2).

4. In an attached memorandum of law, Petitioner states that what he has actually filed is essentially a petition for writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a). (Document 1 attached to ECF No. 1 at 1).

5. To the extent that Petitioner is seeking habeas relief, this Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the Rule, this Court is "authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. To the extent that this petition is brought pursuant to 28 U.S.C. § 2254, this Court lacks jurisdiction to hear Petitioner's claims. For a district court to have jurisdiction over a petitioner's habeas claims attacking a state court conviction, the Petitioner must be "in custody" at the time he files his petition. *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). While the meaning of "in custody" has been broadened to include not only those physically confined but also those on probation or supervised release, where a petitioner has served his sentence, including any term of parole, probation, or supervised release prior to the filing of his petition, he is no longer "in custody" for the purposes of habeas jurisdiction. *Id.* at 717-18. The continued requirement to pay fines, fees, or restitution is not sufficient to establish custody. *Id.*

6. Here, Petitioner was initially sentenced to three years' probation on August 16, 2013. (ECF No. 1 at 2). The New Jersey Appellate Division reduced that sentence to eighteen months' probation in January of 2014. (ECF No. 1 at 3). Petitioner thus completed his term of probation on or about February 16, 2015. Petitioner recognizes this fact by stating in his petition that he has completed his sentence. (ECF No. 1 at 2). Petitioner further states that the purpose of his current petition is to recoup the fees, fines, and penalties incurred as a result of his sentence. (ECF No. 1 at 16). The petition thus establishes on its face that Petitioner is not "in custody" and that this Court does not have jurisdiction to hear Petitioner's claims under 28 U.S.C. § 2254.

7. Recognizing this apparent defect, Petitioner has also characterized his petition as a petition for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Coram nobis* relief, however, "is not available in a federal court as a means of attack on a state criminal

judgment." *Obado*, 328 F.3d at 718.  A petitioner may therefore only seek *coram nobis* relief in relation to a state court conviction in state court.  *Id.*  As Petitioner was convicted in New Jersey state court of a violation of a New Jersey criminal statute, he may not seek *coram nobis* relief here.  *Id.*  Thus, to the extent Petitioner seeks *coram nobis* relief, his petition must be dismissed as such a claim is not cognizable in federal court for his state court conviction.  *Id.*

IT IS THEREFORE on this ___11___ day of August, 2015,

ORDERED that Petitioner's petition (ECF No. 1) is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail, and shall CLOSE the file.

_____
Hon. Jose L. Linares,
United States District Judge

3